IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOLLY SMITH, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PINEAPPLE HOSPITALITY COMPANY, a Washington corporation and PINEAPPLE RESTAURANT GROUP, LLC, a Washington limited liability company,,<br><br>Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Pineapple Hospitality Company, a Washington corporation and Pineapple Restaurant Group, LLC, by their undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Smith v. Pineapple Hospitality Company, et al.*, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as Case No. 2017-CH-13506 ("the State Court Action"). As explained below, this putative class action is subject to the Court's jurisdiction under The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because minimal diversity exists and the amount in controversy exceeds $5,000,000.

### Background

1. On October 6, 2017, Plaintiff Molly Smith, filed a class-action complaint against Pineapple Hospitality Company and Pineapple Restaurant Group, LLC (collectively "Defendants"), alleging that they have violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, by implementing a timekeeping system that relied on the

collection, storage, and usage of employees' fingerprints and biometric information without informed consent. (Complaint at ¶ 1.) (A copy of the Complaint and summons served on Defendants is attached hereto as **Exhibit A**.)

2. More specifically, the Complaint alleges that Defendants' use of the timekeeping systems violates the BIPA because Defendants failed to:

 a. Obtain the release required by 740 ILCS 14/15(b)(3);

 b. Inform Plaintiff and the Class in writing that their biometric identifiers or biometric information were being collected and stored as required by 740 ILCS 14/15(b)(1);

 c. Inform Plaintiff and the Class in writing of the specific purpose for which their biometric information or biometric identifiers was being collected, stored and used, as required by 740 ILCS 14/15(b)(2);

 d. Inform Plaintiff and the Class in writing of the specific length of term their biometric information or biometric identifiers were being stored and used, as required by 740 ILCS 14/15(b)(2); and

 e. Provide a publicly available retention scheduled detailing the length of time biometric information is stored or guidelines for permanently destroying the biometric information it stores, as required by 740 ILCS 14/15(a). (*Id.* ¶ 51.)

3. Plaintiff seeks to bring this action on behalf of a class defined as:

**The Class:** All individuals whose biometrics were captured, obtained, stored or used by Defendants within the state of Illinois at any time within the applicable limitations period. (*Id.* ¶ 37.)

4. Under the BIPA, a plaintiff may sue a private entity for statutory violations in state court or as a supplemental claim in federal court. 740 ILCS § 14/20. The law authorizes a prevailing party to recover liquidated damages of $1,000 or actual damages, whichever is greater, for negligent violations of the act. 740 ILCS § 14/20(1). The law authorizes a

prevailing party to recover liquidated damages of $5,000 or actual damages, whichever is greater, for intentional or reckless violations of the act. 740 ILCS § 14/20(3). The BIPA also authorizes recovery of an injunction for a prevailing party as well as reasonable attorneys' fees and costs. 740 ILCS § 14/20(3)-(4).

5. Plaintiff's Complaint seeks: (1) certification of the Class and appointment of Plaintiff as class representative and Plaintiff's counsel as class counsel; (2) a declaration that Defendants' actions violate the BIPA; (3) injunctive and equitable relief requiring Defendants to comply with the BIPA requirements for the collection, storage, and use of biometric identifiers and biometric information; (4) an award of statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1); (4) an award of statutory damages of $1,000 for each negligent violation of the BIPA pursuant to 740 ILCS 14/20(3); (5) an award of reasonable attorney's fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3); and (6) an award of pre- and post-judgment interest.

## Basis for Subject-Matter Jurisdiction

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant United States district courts original jurisdiction over "any civil action:" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant."

7. "The language and structure of CAFA…indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (quotation marks omitted)

8. This case meets all the requirements for jurisdiction under CAFA and 28 U.S.C. § 1332(d)(2).

**This matter is a "class action" under CAFA.**

9. A "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff's Complaint purports to allege claims on behalf of a class of Illinois employees "whose biometrics were captured, obtained, stored or used by [Defendants] within the state of Illinois any time within the applicable limitations period." (Complaint ¶ 37.) Therefore, this action is properly considered a "class action" under CAFA.

**The requirement of minimal diversity is met.**

10. Minimal diversity exists. Plaintiff is a citizen of the State of Illinois because "at all relevant times, [she] has been a resident and citizen of the state of Illinois. . . ." (*Id.* ¶ 14).

11. Neither Defendant is deemed to be an Illinois citizen. A corporation "shall be deemed ... a citizen of every [s]tate ... by which it has been incorporated and of the [s]tate ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters...." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

12. Defendant Pineapple Restaurant Group, LLC is a Washington limited liability company and subsidiary of Pineapple Hospitality Company which is "headquartered in Washington." (Complaint ¶¶ 12-13; *see also* Declaration of Todd W. Boysen ¶ 2, attached hereto as **Exhibit B**) ("Boysen Decl."). Defendant Pineapple Hospitality Company is a

4

Washington corporation that is headquartered in Washington. (Complaint ¶ 12; Boysen Decl. ¶ 2).

13. As a result, Defendants are not citizens of Illinois for purposes of determining diversity of citizenship. Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(2)(A). *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity existed such that court had CAFA jurisdiction because the class representatives were citizens of Illinois, while the defendant was a Delaware corporation with its principal place of business in Arizona).

**The "matter in controversy" aggregated across all the class members' claims meets the CAFA threshold.**

14. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated ..." 28 U.S.C. § 1332(d)(6).

15. Defendants' burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). If the party opposing federal jurisdiction contests the amount in controversy, the proponent must "prove those jurisdictional facts by a preponderance of the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)).

16. The Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and

5

provide little information about the value of their claims." *Id*. Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc*., 528 F.3d 982, 986 (7th Cir. 2008)). "[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg*, 639 F.3d at 764 (citing *Spivey*, 528 F.3d at 986; *Brill*, 427 F.3d at 448).

17. Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are based and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages or penalties, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdictional minimum of $5,000,000 as detailed below. (Boysen Decl. ¶¶ 5-7.)

18. Plaintiff's Complaint alleges that she worked at a facility owned and operated by Defendants located in Chicago, Illinois and that "[s]ince operating this facility, Defendants' time keeping practice has relied on a biometric information device which scan a workers' fingerprints to track their workers' time." (Complaint ¶¶ 26- 27). Plaintiff's Complaint also alleges that "Defendants acquired and installed several biometric timekeeping devices at their facilities. . . ." (*Id.* ¶ 28).

6

19.     Since December 15, 2016, Defendants have employed approximately 135 employees who work, or have worked, in facilities located in the State of Illinois that have utilized the timekeeping system which Plaintiff alleges violates the BIPA.  (Boysen Decl. ¶ 4.)

20.     Based on Plaintiff's allegation that Defendants violated the BIPA "each instance when Plaintiff and the other Class members scanned their fingers into Defendants' timekeeping devices," *id.* ¶ 50, the class recovery for the Class defined in Plaintiff's Complaint for statutory damages for negligent violations of the BIPA alone (assuming that employees scanned in and out twice a day, for only 20 days each since December 15, 2016) would be approximately $5,400,000 (135 employees times 2 scans per employee each day times 20 days times $1,000 in liquidated damages under 740 ILCS Section 14/20(3)).

21.     Accordingly, the amount in controversy according to Plaintiff's theory of the case, which Defendants dispute – would exceed $5,000,000 – including statutory damages for negligent violations of the BIPA, but excluding class recovery for intentional or reckless violation of the BIPA under 740 ILCS Section 14/20(1) as pled in the Complaint.  (Boysen Decl. ¶¶ 5-7.)  Therefore, the matter-in-controversy threshold under 28 U.S.C. § 1332(d)(2) is met.

### Procedure for Removal

22.     Defendants were served with the Complaint on October 10, 2017.  This Notice of Removal is timely because it is being filed within 30 days of Defendants' receipt of the Summons and Complaint on November 9, 2017, and within one year of the commencement of this action.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law).

23. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of this action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**DATED: November 9, 2017**                    Respectfully submitted,

                                                  PINEAPPLE HOSPITALITY COMPANY &
                                                  PINEAPPLE RESTAURANT GROUP, LLC

                                                  By        /s/ Thomas E. Ahlering
                                                        One of The Attorneys For Defendants

Michael J. Burns (*pro hac vice forthcoming*)
mburns@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549
Firm I.D. No. 90747

Thomas E. Ahlering, IL Bar No. 6295744
tahlering@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

42126033v.2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2017, I caused a copy of the foregoing Notice of Removal to be filed through the Court's CM/ECF system, and will serve the below Counsel of Record via First Class U.S. Mail:

> Myles McGuire
> William P. Kingston
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL 60601

>> /s/Thomas E. Ahlering
>> Thomas E. Ahlering